<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4485**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RYAN OSHAY LEE, a/k/a Bloody,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (7:07-cr-00079-D-1)

Submitted: September 2, 2010        Decided: October 15, 2010

Before NIEMEYER, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville, North Carolina, for Appellant. Jennifer P. May-Parker, Stephen Aubrey West, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to the terms of his written plea agreement, Ryan Oshay Lee pleaded guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court notified the parties that, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(4)(B), p.s. (2007), it intended to depart upward from Lee's advisory Guidelines range of 188-235 months' imprisonment. See Fed. R. Crim. P. 32(h). After hearing extensive argument on the issue, the court sentenced Lee to 336 months' imprisonment. This appeal timely followed.

Counsel for Lee has filed his brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues, but questioning whether the district court abused its discretion in denying Lee's request for the substitution of counsel and the reasonableness of Lee's sentence. Although advised of his right to file a pro se supplemental brief, Lee has not done so. For the following reasons, we affirm.

We review the denial of a motion for the appointment of new counsel for an abuse of discretion. United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). In evaluating whether the trial court abused its discretion, this court considers: (1) the timeliness of the motion; (2) the

2

adequacy of the inquiry into the defendant's complaint about his attorney; and (3) whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense.  United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004).  These factors are balanced against the district court's "interest in the orderly administration of justice."  Id. at 157.

Prior to his first sentencing hearing, Lee moved the court to replace his second court-appointed attorney.  Although the court granted the motion and appointed Lee his third attorney, the court warned Lee that he would not be permitted to postpone sentencing by firing his attorneys.  When sentencing reconvened, Lee requested that the district court permit the withdrawal of his new attorney.  The district court denied the motion.

We conclude that the district court did not abuse its discretion in denying Lee's motion.  The district court concluded that the motion was untimely, as it was made at the beginning of Lee's sentencing hearing.  Moreover, there was an insufficient basis for the motion, which was predicated exclusively on the fact that counsel had conferred with Lee only once prior to sentencing and that counsel had not provided Lee discovery materials.  Finally, there was not a complete break-down in communication between Lee and counsel.  Accordingly, we

3

affirm the district court's denial of Lee's motion.[1]  See id. at 156-57.

Counsel also asks this court to review the 336-month sentence the district court imposed, which was 101 months greater than the high end of Lee's Guidelines range.  We review a sentence for reasonableness, applying a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).  This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence.  Gall, 552 U.S. at 51.  In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id.  "Regardless of whether the district court imposes an above, below, or

---

[1] Counsel suggests that Lee's request for appointment of new counsel implies that counsel was constitutionally deficient in his representation.  We conclude, however, that it is not apparent on the face of the record that counsel was ineffective. Accordingly, we decline to consider this issue on direct appeal. See United States v. Benton, 523 F.3d 424, 435 (4th Cir.), cert. denied, 129 S. Ct. 490 (2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2010)).

within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). This court next assesses the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

In assessing a sentencing court's decision to depart from a defendant's Guidelines range, this court "consider[s] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir.) (internal quotation marks omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 2, 2010) (No. 10-5258). Thus, this court will defer to the district court's sentencing decision so long as it is reasonable, and we will not reverse a sentence simply because it "would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008).

The district court's decision to depart upward from Lee's Guidelines range was informed by his extensive criminal

history. Lee, who was twenty-one years old at the time he was sentenced, had twenty-seven prior convictions, eight of which were for felony offenses. The court further noted that Lee's crimes were increasingly violent, that he was a known gang leader, and that he had several probation violations. The relevant policy statement specifically contemplates an upward departure on the basis of the extent and nature of a defendant's criminal history even when, as Lee did here, the defendant has a category VI criminal history. See USSG § 4A1.3(a)(4)(B), p.s. In the background commentary to this policy statement, the Sentencing Commission recognized that an upward departure may be appropriate for "younger defendants (e.g., defendants in their early twenties or younger) who are more likely to have received repeated lenient treatment, . . . [as they] may actually pose a greater risk of serious recidivism than older defendants." USSG § 4A1.3, p.s., comment. (backg'd). This was precisely the scenario present in this case, and we hold that the district court's decision to depart was neither procedurally nor substantively unreasonable. See McNeill, 598 F.3d at 166.

We must next consider the reasonableness of the extent of the departure in this case. Because Lee had a category VI criminal history, the district court considered incrementally higher offense levels, see USSG § 4A1.3(a)(4)(B), p.s., and offered salient reasons for rejecting the offense levels between

6

Lee's total adjusted offense level (thirty-one) and the offense level it deemed appropriate (thirty-five). The court found that the interim offense levels did not adequately reflect the seriousness of Lee's criminal history or the strong likelihood that, without adequate deterrence, he would continue to commit crimes, particularly violent crimes, upon his return to the community.

We conclude that the district court adhered to the proper procedure for a departure pursuant to USSG § 4A1.3(a)(4)(B), p.s.; see United States v. Dalton, 477 F.3d 195, 199 (4th Cir. 2007) (explaining incremental approach and sentencing court's obligation to state its basis for departing). Further, we hold that the extent of the departure is reasonable in light of the seriousness of Lee's criminal history and his alarming rate of recidivism. See McNeill, 598 F.3d at 166-67. For these reasons, we affirm Lee's sentence.[2]

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. The district court complied with the mandates of Federal Rule of

---

[2] Finally, Lee suggests the district court did not afford counsel a sufficient opportunity to be heard at sentencing. To the contrary, the record reveals that the district court gave counsel ample opportunity both to argue against the upward departure and for a sentence at the low end of the post-departure range. Accordingly, we reject this argument.

7

Criminal Procedure 11 in accepting Lee's guilty plea, which was knowing and voluntary. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED